LAWSON v. DIXON

[336 N.C. 312 (1994)]

DAVID LAWSON, PHILLIP J. )
DONAHUE, AND JAMES )
ARNOLD, PETITIONERS )
)
v.                                    )            ORDER
)
GARY DIXON, WARDEN, CENTRAL )
PRISON, A DIVISION OF THE NORTH )
CAROLINA DEPARTMENT OF )
CORRECTION AND FRANKLIN )
FREEMAN, SECRETARY, )
DEPARTMENT OF CORRECTION, )
RESPONDENTS )

No. 198P94-2

(Filed 17 May 1994)

Upon consideration of the Petition for Writ of Certiorari and Motion to Bypass Court of Appeals, filed in this action by defendants, Gary Dixon, Warden of Central Prison, and Franklin Freeman, Secretary of the North Carolina Department of Correction, it appearing to the Court that defendants did not file a notice of appeal or petition for writ of certiorari in the North Carolina Court of Appeals, and it further appearing to the Court that in the interest of justice and to expedite decision in the public interest, defendants' Petition for Writ of Certiorari and Motion to Bypass Court of Appeals should be allowed, the Court, pursuant to Rule 2 of the Rules of Appellate Procedure, suspends the requirements of the Rules of Appellate Procedure and in the exercise of its supervisory powers pursuant to Article IV, Section 12(l) of the North Carolina Constitution hereby allows defendants' Motion to Bypass Court of Appeals and issues its Writ of Certiorari to review the request in plaintiffs' complaint for a writ of mandamus and an injunction permitting the videotaping of plaintiff Lawson's execution and the orders of the Superior Court heretofore entered on 9 and 10 May 1994;

And the Court, having reviewed the request in plaintiffs' complaint and the orders, concludes that only a question of law is raised by plaintiffs' complaint; that plaintiffs David Lawson, Phillip J. Donahue, and James Arnold do not have a right under either the First or Fourteenth Amendments to the United States Constitution or under Article 1, Section 14 of the North Carolina Constitution to audiotape or videotape plaintiff Lawson's scheduled execu-

**LAWSON v. DIXON**

[336 N.C. 312 (1994)]

tion, see *Houchins v. KQED, Inc.*, 438 U.S. 1, 57 L. Ed. 2d 553 (1978); *Pell v. Procunier*, 417 U.S. 817, 41 L. Ed. 2d 495 (1974); *Saxbe v. Washington Post Co.*, 417 U.S. 843, 41 L. Ed. 2d 514 (1974); *Garrett v. Estelle*, 556 F.2d 1274 (5th Cir. 1977); that under N.C.G.S. § 15-190 the execution is under the supervision and control of Warden Dixon; and that, as a matter of law, neither Secretary Freeman nor Warden Dixon can be mandamused to permit the requested audiotaping or videotaping;

NOW, THEREFORE, IT IS ORDERED that all orders issued in this action by the Superior Court, Wake County, in furtherance of plaintiffs' petition for writ of mandamus and an injunction, be and they are hereby vacated.

IT IS FURTHER ORDERED that plaintiffs' action be and it is hereby dismissed.

So ordered by the Court in Conference, this 17 day of May, 1994.

s/PARKER, J.
For the Court